**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIEGFRID LUTZ, | No. 2:19-CV-0024-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

      Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgement was entered on March 20, 2020. See ECF No. 28. Pending before the Court is Plaintiff's motion for an award of attorney's fees in the amount of $17,950.38 under the Equal Access to Justice Act (EAJA). See ECF No. 29.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on January 3, 2019. See ECF No. 1. The Commissioner filed an answer and lodged a voluminous administrative record in May 2019. See ECF Nos. 9 and 10.

According to Plaintiff's counsel's timesheet, a request for voluntary remand was sent to the Commissioner's counsel on July 27, 2019, consistent with the Court's scheduling order requiring Plaintiff to seek voluntary remand before filing a brief on the merits. In the meantime, the parties stipulated to two extensions of the deadline for Plaintiff to file his opening brief. See ECF Nos. 11, 12, 13, and 14. The last extension was to September 16, 2019. See ECF No. 14. As of September 25, 2019, Plaintiff had not filed an opening brief and the Court directed Plaintiff to show cause why sanctions should not be imposed. See ECF No. 15. The Court stated that the filing of an opening brief within the 30 days allowed to respond to the order to show cause would constitute an adequate response. See id. Thereafter, and within the 30-day period, Plaintiff filed an opening brief on October 20, 2019, see ECF No. 16, and the Court discharged the order to show cause on October 25, 2019, see ECF No. 17.

After four stipulated extensions of time to respond, see ECF Nos. 18, 19, 20, 21, 22, 23, 24, and 25, the Commissioner agreed to a voluntary remand, see ECF No. 26, and on March 20, 2020, the Court remanded the matter for further administrative proceedings pursuant to the parties' agreement, see ECF No. 27.

## II. DISCUSSION

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the Court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988).

1    The Commissioner's position is substantially justified if there is a genuine dispute.  See Pierce v.
2    Underwood, 487 U.S. 552 (1988).  The burden of establishing substantial justification is on the
3    government.  See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).
4    　　　　　In determining substantial justification, the Court reviews both the underlying
5    governmental action being defended in the litigation and the positions taken by the government
6    in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on
7    other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  For the government's position to be
8    considered substantially justified, however, it must establish substantial justification for both the
9    position it took at the agency level as well as the position it took in the district court.  See Kali v.
10   Bowen, 854 F.2d 329, 332 (9th Cir. 1998).  Where, however, the underlying government action
11   was not substantially justified, it is unnecessary to determine whether the government's litigation
12   position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).
13   "The nature and scope of the ALJ's legal errors are material in determining whether the
14   Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103
15   F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law
16   and fact for the government's position with respect to the issues on which the Court based its
17   determination, the government's position is not "substantially justified" and an award of EAJA
18   fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position
19   was not substantially justified is a court's "holding that the agency's decision . . . was
20   unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).
21   　　　　　Under the EAJA, the court may award "reasonable attorney's fees," which are set
22   at the market rate.  See 28 U.S.C. § 2412(d)(2)(A).  The party seeking an award under the EAJA
23   bears the burden of establishing the fees requested are reasonable.  See Hensley v. Eckerhart, 461
24   U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. §
25   2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court
26   an application for fees and other expenses which shows . . . the amount sought, including an
27   itemized statement from any attorney . . . stating the actual time expended").  The Court has an
28   independent duty to review the evidence and determine the reasonableness of the fees requested.

1  See Hensley, 461 U.S. at 433, 436-47.  Finally, fees awarded under the EAJA are payable directly

2  to the client, not counsel.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

3          The Commissioner has filed an opposition to Plaintiff's motion for fees and

4  expenses under EAJA, arguing in general as follows:

> Plaintiff's attorney billed over 88 hours in this case for fees totaling $17,950.38, which he contends is reasonable. However, Plaintiff has not met his burden to show that these fees are reasonable for this case. In fact, the fees are excessive because there are block-billed entries and time spent on administrative tasks and/or client counseling, which could be further discounted, as they were not necessary to litigation of this case. Therefore, while Plaintiff is entitled to attorneys' fees following remand, the Commissioner respectfully requests that the fees be discounted to a reasonable amount. . . .

10  ECF No. 32, pg. 2.

11          More specifically, the Commissioner raises four arguments.  First, the

12  Commissioner contends the hours requested for review of the record are unreasonable and should

13  be reduced by half because some records were duplicative.  Second, the Commissioner argues

14  time billed for preparation of Plaintiff's opening brief is unreasonable because counsel engaged in

15  "block-billing."  As to these two arguments, the Commissioner concludes:

> . . .[T]he fee should be reduced appropriately, at least by one-half (1/2) of 43.6 hours to 23.3 hours total for reviewing the administrative record and at least by one-third of the 33.5 hours spent drafting the legal argument to 22.3 hours, for a total of 45.6 hours spent on researching and drafting the legal argument. . . .

19  ECF No. 32, pg. 4.

20  Third, the Commissioner argues some hours requested represent clerical work that is not

21  compensable under the EAJA.  Fourth, the Commissioner argues Plaintiff should not be awarded

22  any amount for time counsel spent preparing a reply in support of the instant fee motion.  The

23  Commissioner does not argue that the government's position was substantially justified.

24          Generally, the Commissioner argues that time should be disallowed because

25  Plaintiff's counsel engaged in "block-billing."  Block-billing, which is a practice whereby an

26  attorney reports multiple tasks in the same matter as a single block of time, is disfavored "because

27  block billing makes it more difficult to determine how much time was spent on particular

28  activities."  Welch v. Metro.Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).  The Commissioner

1   does not identify specific time entries allegedly constituting disfavored block-billing.

2           At the outset, the Court finds that the Commissioner's argument regarding block-billing is unpersuasive.  The Court has reviewed Plaintiff's counsel's billing invoices, which are attached to the pending motion for EAJA fees.  See ECF No. 29-3.  In reviewing counsel's entries, the Court observes that, for even multiple hours of time reported in a single entry, the descriptions are relatively short and related to a specific task, such as finalizing counsel's draft of Plaintiff's opening brief.  See e.g. id. at 4 (October 20, 2019, entry for 7 hours – the largest single block of time reported).  Counsel's billing practice, as reflected in the entries submitted for this case, do not reflect disfavored block-billing.

        In light of the finding that counsel did not engage in block-billing, the Court considers the Commissioner's arguments concerning time billed for review of a record which contained duplicative documents, time billed for clerical tasks, and time billed for a reply brief.

        **A.**     **Record Review**

        The Commissioner's primary argument is that some of the time billed for record review is unreasonable because, while the record was extremely voluminous, "many of the records constituted Kaiser treatment records that were duplicative and/or rendered prior to the alleged onset date of March 19, 2014."  ECF No. 32, pg. 3.  According to the Commissioner:

> . . .Here, Plaintiff claims that the billing is reasonable due to the transcript size of 7,557 pages in total (Mot. at 4). As an initial matter, while the record was indeed voluminous, many of the records constituted Kaiser treatment records that were duplicative and/or rendered prior to the alleged onset date of March 19, 2014, thus, any time spent reviewing non-probative evidence was not necessary to the issues in dispute (See AR 2199-2746). Here, Plaintiff's attorney spent 43.6 hours reviewing the record prior to sending the request for voluntary remand (See Ex. 3, Dkt 29-3, Time Log 5/30/19 to 7/26/19).

ECF No. 32, pg. 3.

        The Court does not agree that review of record prior to the alleged onset date is unreasonable.  To the contrary, gaining a longitudinal understanding of a client's entire medical history is entirely reasonable as it provides necessary context for the impairments at issue over the relevant period.  The Court will focus on whether the time billed for record review is unreasonable given the extent to which portions of the Kaiser treatment records were duplicative.

The Commissioner argues that the 43.6 hours billed by Plaintiff's counsel for review of records should be reduced by 20.3 hours (53%) to 23.3 hours. In support of the contention that portions of the Kaiser records were duplicative, the Commissioner references pages 2199 through 2746 – a total of 547 pages. The Commissioner does not state whether these documents are duplicative of other portions of the record or each other.

The documents at pages 2199 through 2746 consist of medical records from Kaiser from February 2, 2013, through December 18, 2013 (Exhibits 1F, 2F, and 3F). According to the index of the certified administrative record at ECF No. 10-2, these documents are not duplicated elsewhere in the record. Specifically, other Kaiser documents in the record at pages 63-1444, 2747 through 2937, 3040 through 3778, 3784 through 4519, and 4823 through 5637 cover the period from December 19, 2013, through September 18, 2018. The Commissioner has not identified which of the 547 pages cited are either duplicative of each other or of other documents in the record, and the Court finds no duplication. As indicated, all of the Kaiser documents cover distinct periods of time and have been entered into the record as separate exhibits.

Here, counsel billed a total of 43.6 hours to review of record consisting of 7,557 pages. This amounts to 173 pages per hour, or 2.89 pages per minute. Based on the record review rate of 1 minute per page commonly used in capital habeas corpus cases in the Ninth Circuit, Plaintiff's counsel in this case was able to quite efficiently review a voluminous record, which is over eight times the size of an average 900-page record in social security appeals. The Court finds no basis to impose the 54% reduction sought by the Commissioner.[1]

**B.   Clerical Work**

Second, the Commissioner asserts:

> . . . [I]t appears that Plaintiff's counsel also charged the Commissioner for various administrative tasks and/or client counseling, rather than fees necessary for litigating the case. For example, there are several entries by Counsel that indicate time spent on counseling the client, which are not necessary to the litigation of the case, but rather was to resolve client concerns (Ex. 3, Dkt 29-3, Time Log entries: 12/14/18

---

[1] The Commissioner, of course, could have mitigated the number of hours counsel spent on this case had the Commissioner agreed to a voluntary remand when counsel first proposed such a resolution of the matter in July 2019 instead of <u>after</u> counsel filed Plaintiff's opening brief (consisting of 25 pages raising six separate arguments) on October 20, 2019.

($40.32), 12/16/18 ($100.80), 12/26/18 ($60.48), 1/2/19 ($82.10), 1/3/19 ($28.74), 1/4/19 ($6.16), 2/21/19 ($102.63), 5/11/19 ($10.26), 8/20/19 ($57.47), 9/18/19 ($30.79), 9/22/19 ($65.68), 10/20/19 ($16.42), 11/7/19 ($20.53), 1/16/20 ($55.42), 2/17/20 ($86.21), 2/19/20 ($10.26), 3/3/20 ($20.53), 3/4/20 ($47.21), 3/9/20 ($30.79)). As such, the Commissioner requests that the fees be discounted further in the amount of $862.53, which represents the amount billed for counseling the client and/or administrative and/or clerical tasks.

ECF No. 32, pg. 5.

Here, the Commissioner challenges time spent by counsel speaking with Plaintiff. The Commissioner cites no authorities in support of the proposition that client counseling constitutes a clerical task. The Court rejects the Commissioner suggestion that fees be reduced by $862.53 for time counsel spent discussing the case with Plaintiff, which is a necessary function of an effective advocate.

### C. Reply Brief

According to the Commissioner:

> The Commissioner anticipates that Plaintiff's attorney will submit an EAJA reply brief. If and when Counsel files such a brief, he must demonstrate that the time spent preparing that brief was reasonable. If this Court agrees with the Commissioner's arguments in this Opposition, the Court should disallow fees for time spent on any reply brief. *See INS v. Jean*, 496 U.S. 160, 163 n.10 (1990) ("fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation"). Indeed, billing for a potentially lengthy and unreasonable EAJA reply would simply afford Plaintiff's counsel the chance to increase the total hours and fees in this case, when an increase is unwarranted.

ECF No. 32, pg. 5.

The Commissioner's argument is unpersuasive. The Commissioner contends fees associated with litigation over fees should not be allowed if a claimant is ultimately unsuccessful in such litigation. Inconsistently, the Commissioner does not argue that Plaintiff should be disallowed fees for the underlying fee motion if the Court denies the motion. Further, the Commissioner acknowledges in opposition to Plaintiff's fee motion that Plaintiff should prevail, at least in part, on the request for EAJA fees. While the Court agrees with the general rule that only prevailing parties are entitled to fees under the EAJA, that rule does not apply with respect to fees for litigation over fees where, as here, the Commissioner has admitted that the plaintiff

7

should prevail to some extent on the fee motion. In any event, Plaintiff does not seek any additional amount associated with counsel's review of the Commissioner's opposition or preparation of a reply brief

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for an award of fees under the EAJA, ECF No. 29, is granted; and

    2.    Plaintiff is awarded $17,950.38 in fees, payable to Plaintiff.

Dated: September 8, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE